**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NovaStar Mortgage, Inc.,** | ) | **CASE NO. 1:05 CV 2806** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Dale F. Witt, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Amended Motion to Dismiss (Doc. 11). This is a foreclosure action. For the reasons that follow, the motion is DENIED.

**FACTS**

Plaintiff, NovaStar Mortgage, Inc. filed this lawsuit against defendants, Dale F. Witt and Ann L. Witt, individually and in their capacities as trustees for the Witt Family Trust, seeking foreclosure of defendants' residence.

Defendants move to dismiss the complaint for lack of jurisdiction. Plaintiff opposes the motion.

1

**STANDARD OF REVIEW**

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986). This burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). The party need only show that the complaint alleges a substantial claim under federal law. *Id*.

A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*. Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*. Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*. In such cases, the truthfulness of the complaint is not presumed. *McGee v. East Ohio Gas Co.*, 111 F.2d 979, 982 (S.D. Ohio 2000) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)). Instead, the Court may weigh any evidence properly before it. *Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l*, 922 F.2d 320; *Rogers*, 798 F.2d 913).

When presented with a facial attack, the non-moving party "can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical*, 89 F.3d at 1248. Thus, such a motion will be granted only if, taking as true all facts alleged in the complaint, the Court is without subject matter jurisdiction to hear the claim. *Matteson v. Ohio State University*, 2000 WL 1456988 *3 (S.D. Ohio Sept. 27, 2000).

**ANALYSIS**

Defendants argue that this Court lacks jurisdiction over this matter because complete diversity is lacking and the amount in controversy is not satisfied. Defendants claim that plaintiff represented itself to be an "Ohio entity," doing business in Ohio. Plaintiff responds that diversity jurisdiction exists over this matter. As alleged in the complaint, plaintiff is incorporated in Virginia and its principal place of business is located in Missouri. Plaintiff also points out that the debt owed by defendants totals over $120,000.

Pursuant to 28 U.S.C. § 1332(a), a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). For purposes of Section 1132(a), a corporation is considered a citizen of both its state of incorporation as well as the state in which its principal place of business is located. *Safeco Ins. Co. of America v. City of White House*, 36 F.3d 540, 544 (6th Cir. 1994).

Upon review, the Court finds that defendants' motion to dismiss must be denied because diversity jurisdiction exists. Defendants are citizens of Ohio. Plaintiff alleges that it is a citizen of the states of Virginia and Missouri. Defendants do not dispute these contentions. While defendants argue that plaintiff represented itself as an "Ohio entity" and does business in Ohio, neither of these factors makes defendant a citizen of Ohio. As such, complete diversity exists.

The Court further rejects defendants' argument with respect to the amount in controversy. Plaintiff alleges that defendants' owe them over $120,000. Defendants make no argument, other than a bare assertion, that the amount in controversy is not satisfied. Given that plaintiff alleges an amount greater than the $75,000 jurisdictional prerequisite, defendants' argument is rejected.

3

**CONCLUSION**

For the foregoing reasons, Defendants' Amended Motion to Dismiss is DENIED.

IT IS SO ORDERED.

  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:   2/21/06