**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NovaStar Mortgage, Inc.,** | ) | **CASE NO. 1:05 CV 2806** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Dale F. Witt, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Motion for Summary Judgment (Doc. 13). For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

Plaintiff, NovaStar Mortgage, Inc., filed this Complaint for Foreclosure against defendants, Dale F. Witt and Ann L. Witt, individually and in their capacities as trustees for the Witt Family Trust, seeking foreclosure of defendants' residence. Plaintiff submits an affidavit which avers the following.

Plaintiff is the owner and holder of a promissory note and mortgage executed by Dale

1

and Ann Witt. The promissory note promised, among other things, to make timely monthly payments. The mortgage conveys to the plaintiff property known as 3115 West Ridgewood, Parma, Ohio, 44134, which legal description is referenced in the Complaint. The note and mortgage are in default because monthly payments have not been made. A written notice of default was given in accordance with the terms of the note and mortgage. The default was not cured, and the sums due under the note were accelerated. As a result, the full amount of principal and interest due under the note are now required to be paid. Also required to be paid are all costs and expenses incurred in enforcing the note to the extent that the payment of such amounts is not prohibited by Ohio law. There is due and payable on the note principal in the amount of $120,838.28 plus interest on the unpaid principal at the rate of 6.25% from July 1, 2005. (Wendy Miller aff.)

Plaintiff states that all personal obligations on the promissory note have been discharged in a Chapter 7 bankruptcy proceeding and, therefore, plaintiff does not seek a personal judgment against any of the defendants but seeks only to enforce its security interest.

This matter is now before the Court upon plaintiff's Motion for Summary Judgment. Defendants have not opposed the motion.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with affidavits," if any, which it believes demonstrates the
> absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of [his] pleadings, but [his response], by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is genuine issue for trial.  If he
> does not respond, summary judgment, if appropriate, shall be
> entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476,

479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall be entered "if appropriate."

**Discussion**

Plaintiff's affidavit demonstrates that defendants executed the promissory note and mortgage that are the subject of this foreclosure action, plaintiff is holder and owner of the note and mortgage and defendants are in default under the terms of the note and mortgage. Defendants, having failed to oppose the Motion for Summary Judgment, do not controvert the affidavit's averments. As a result, summary judgment is warranted in plaintiff's favor for the principal amount due on the note in the amount of $120,838.28 plus interest on the unpaid principal at the rate of 6.25% from July 1, 2005, plus costs and expenses incurred by plaintiff to enforce its rights under the note and mortgage.

**Conclusion**

For the foregoing reasons, plaintiff's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 3/9/06